UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMALUD-DIN ALMAHDI,<br><br>    Plaintiff,<br><br>    v.<br><br>J. LYONS, *et al.*,<br><br>    Defendants. | Civil Action No. 05-0218 (RMC) |

## MEMORANDUM OPINION

This matter is before the Court on defendant's motion to dismiss. Having considered the motion and plaintiff's opposition, the motion will be granted.

### I. BACKGROUND

Plaintiff is a prisoner who currently is incarcerated at the Allenwood Federal Correctional Institution in White Deer, Pennsylvania. Compl. ¶ 2.[1] He alleges that defendant "did not satisfy requirements of the Privacy Act when they imposed on Plaintiff an arbitrary and capricious telephone and mail restriction, wholly beyond the scope of any published regulation or Program Statement, and based on information that Defendants knew or reasonably should have known was/is inaccurate." *Id*. at 2 (Introduction). Because of this restriction, plaintiff is allowed to make only one telephone call each month, and the Special Investigation Supervisor reads all of

---

[1] Plaintiff begins his complaint with an introduction on the first two pages. Allegations of the complaint are set forth in sequentially numbered paragraphs beginning on the second page, and the pleading ends with a demand for relief. Where possible, the Court refers to the complaint by the paragraph number, and otherwise refers to the complaint by page number.

his incoming and outgoing mail.[2]  *Id.* ¶¶ 6-7.  He alleges that these telephone and mail restrictions are adverse determinations resulting from defendant's reliance on erroneous information maintained in the records of the Federal Bureau of Prisons ("BOP").  *Id.* at 2 (Introduction).  His efforts to have the records amended, he alleges, were unsuccessful.  *Id.* ¶ 12(c).  Plaintiff brings this action under the Privacy Act, *see* 5 U.S.C. § 552a, and demands monetary damages.  *See* Compl. at 2 (Introduction), 6 (Relief).

## II. DISCUSSION

### A. Dismissal for Failure to State a Claim Upon Which Relief Can Be Granted

Defendant moves to dismiss on the ground that the complaint fails to state a claim upon which relief can be granted.  A complaint should not be dismissed for failure to state a claim unless the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  The ruling on a motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure does not test a plaintiff's likelihood of success on the merits; rather, it tests whether a plaintiff properly has stated a claim.  *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).  The factual allegations of the complaint must be presumed to be true and liberally construed in plaintiff's favor.  *See, e.g., United States v. Phillip Morris, Inc.*, 116 F.Supp. 2d 131, 135 (D.D.C. 2001).  The Court, however, is not obligated to draw an

---

[2] The existence or extent of the mail restriction is unclear from this record.  Plaintiff alleges that a Special Investigation Supervisor reads all of his incoming and outgoing mail. Compl. ¶ 6. Defendant counters that all prisoners' incoming and outgoing mail is inspected for contraband, but that plaintiff's correspondence privileges are not restricted.  Def.'s Mot. for Protective Order, Ex. (Vogel Decl.) ¶ 4.  This uncertainty does not affect the Court's legal analysis.

inference that is not supported by the facts presented. *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).

### B. The Proper Defendant is the Federal Bureau of Prisons

The Privacy Act authorizes claims only against a federal agency. *See generally* 5 U.S.C. § 552a. For purposes of the Privacy Act, the term "agency" is defined as "any Executive department, military department, Government corporation, Government controlled corporation, or other establishment in the executive branch of the [federal] Government . . . or any independent regulatory agency." 5 U.S.C. §§ 552(f)(1), 552a(a)(1). Individuals are not proper defendants to a Privacy Act action. *See Armstrong v. United States Bureau of Prisons*, 976 F.Supp. 17, 23 (D.D.C. 1997), *aff'd*, 1998 WL 65543 (D.C. Cir. Jan. 30, 1998). Defendants Lyons and Williamson will be dismissed as party defendants, as will the Privacy Act claims against them.

### C. Plaintiff Fails to State a Privacy Act Claim for Damages

Pursuant to the Privacy Act, an agency must:

> maintain all records which are used by the agency in making any determination about any individual with such accuracy, relevance, timeliness, and completeness as to assure fairness to the individual in the determination.

5 U.S.C. § 552a(e)(5). An individual may file a civil action against an agency which fails to maintain its records with the requisite level of accuracy and completeness.[3] *See* 5 U.S.C. §

---

[3] In relevant part, subsection (g) allows a civil action whenever an agency:

> fails to maintain any record concerning any individual with such accuracy, relevance, timeliness, and completeness as is necessary to assure fairness in
> (continued...)

552a(g)(1); *Sellers v. Bureau of Prisons*, 959 F.2d 307, 310 (D.C. Cir. 1992) (subsection (g) provides civil remedies for violations of subsection (e)(5)).  In a civil suit filed pursuant to 5 U.S.C. § 552a (g)(1)(C), if the Court determines that the agency's actions were willful or intentional, it may award actual damages sustained by the individual as a result of the agency's failure to maintain its records with the requisite level of accuracy.  *See* 5 U.S.C. § 552a(g)(4).

Notwithstanding the relief available under the Privacy Act, an agency's Director may promulgate regulations to exempt any system of records within the agency from any part of the Privacy Act, *except* from subsections (b), (c)(1) and (2), (e)(4)(A) through (F), (e)(6), (7), (9), (10), and (11), and (i), if the system of records is:

> maintained by an agency or component thereof which performs as its principal function any activity pertaining to the enforcement of criminal laws, including . . . correctional, probation, pardon, or parole authorities, and which consists of . . . <u>reports identifiable to an individual compiled at any stage of the process of enforcement of the criminal laws from arrest or indictment through release from supervision</u>.

5 U.S.C. § 552a(j)(2) (emphasis added).  Pursuant to this authority, regulations exempt the BOP's Inmate Central Records System from subsections (d), (e)(5) and (g) of the Privacy Act.[4]  *See* 28

---

[3](...continued)
 any determination relating to the qualifications, character, rights, or opportunities of, or benefits to the individual that may be made on the basis of such record, and consequently a determination is made which is adverse to the individual.

5 U.S.C. § 552a(g)(1)(C).  The variation in language between subsection (e)(5) and subsection (g)(1)(C) of the Privacy Act is "of no substantive significance."  *Doe v. United States*, 821 F.2d 694, 698 n.10 (D.C. Cir. 1987) (en banc).

[4]   Defendant's counsel asserts, and plaintiff does not dispute, that the records at issue are disciplinary records maintained in BOP's Inmate Central Records System.  *See* Def.'s Mem. at 1-2.  Had plaintiff demanded correction or amendment of the offending records, the
(continued...)

C.F.R. § 16.97(a), (j); *see also* 28 C.F.R. § 16.97(k)(2). Based on these regulations, defendant argues that plaintiff has no cause of action for damages under the Privacy Act. *See* Def.'s Mem. at 4-5.

Defendant's position is undermined, at least implicitly, by the D.C. Circuit's decision in *Sellers v. Bureau of Prisons*, 959 F.2d 307, 310-12 (D.C. Cir. 1992). According to *Sellers*, "[a]s long as the information contained in an agency's files is capable of being verified, then, under sections (e)(5) and (g)(1)(C) of the Act, the agency must take reasonable steps to maintain the accuracy of the information to assure fairness to the individual." *Id.* at 312. In addition, the applicable regulations authorize BOP to waive the exemption "[w]here compliance would not appear to interfere with or adversely affect the law enforcement process, and/or where it may be appropriate to permit individuals to contest the accuracy of information collected." 28 C.F.R. § 16.97(k).

There is another basis for dismissing plaintiff's Privacy Act claim for damages, however. In order to recover monetary damages under the Privacy Act, "a plaintiff must assert that an agency failed to maintain accurate records, that it did so intentionally or willfully, and, consequently, that an 'adverse' 'determination [wa]s made' respecting the plaintiff." *Toolasprashad v. Bureau of Prisons*, 286 F.3d 576, 583 (D.C. Cir. 2002) (quoting 5 U.S.C. § 552a(g)(1)(C)). Although plaintiff repeatedly alleges BOP's failure to maintain accurate records

---

[4](...continued)
claim would be dismissed. *See White v. United States Probation Office*, 148 F.3d 1124, 1125 (D.C. Cir. 1998) (per curiam) (barring claim for amendment of records BOP inmate records system); *Risley v. Hawk*, 108 F.3d 1396, 1397 (D.C. Cir. 1997) (per curiam) (denying injunctive relief on the ground that regulations exempt BOP records from amendment provision of Privacy Act).

pertaining to him, he neither describes nor identifies the offending records.  If this is, as plaintiff asserts, the typical Privacy Act case where the accuracy of the relevant information can be ascertained, "it is feasible, necessary, and proper, for an agency and, in turn, the district court to determine whether each filed item of information is accurate."  *Doe v. United States*, 821 F.2d 694, 699 (D.C. Cir. 1987).  Without more specificity as to the relevant records, arguably the Court need not proceed further.[5]

Even if plaintiff adequately had alleged the other elements of his Privacy Act claim, he fails to meet the burden of showing that the agency's actions in violating the Privacy Act were intentional or willful.[6]  *See* 5 U.S.C. 552a(g)(4).  To meet his burden, plaintiff "must prove that the offending agency acted 'without grounds for believing [its actions] lawful' or that it 'flagrantly disregarded' the rights guaranteed under the Privacy Act."  *Laningham v. United States Navy*, 813 F.2d 1236, 1242 (D.C. Cir. 1987) (quoting *Albright v. United States*, 732 F.2d 181, 189 (D.C. Cir. 1984)).  This is a high standard, requiring a showing of "something greater

---

[5]    Plaintiff may have sought to identify such records by submitting a request for information to the BOP under the Freedom of Information Act, *see* 5 U.S.C. § 552, for "files containing the legal and factual bases upon which defendants relied in their actions against Plaintiff." Compl. ¶ 10.  Plaintiff alleges in his complaint that he received no response to the request.  *Id.* ¶ 11.  The record reflects, however, that BOP responded by letter dated March 3, 2005.  *See* Pl.'s Opp., Ex. 3.  The letter indicates that BOP found no records responsive to plaintiff's request for information pertaining to "investigation(s) between October 2001, and December 2004, regarding [plaintiff]," and released one page of "Central Inmate Monitoring (CIM) information" about him.  *Id.*  BOP's response to the FOIA request is not an issue in this action.

[6]    "[I]n the prison context, 'adverse determination' denotes, at least, a decision that negatively 'affect[s an] inmate's rights.'"  *Toolasprashad*, 286 F.3d at 584 (quoting *Deters v. United States Parole Comm'n*, 85 F.3d 655, 659 (D.C. Cir. 1996).  The imposition of a telephone and mail restriction adequately alleges the adverse determination element of plaintiff's Privacy Act claim.

than gross negligence" on the agency's part.  *Tijerina v. Walters*, 821 F.2d 789, 799 (D.C. Cir. 1987).

Plaintiff contends that decisions to impose the telephone restriction, and to renew the restriction every 30 days, were willful and intentional acts based on information BOP knew or reasonably should have known was inaccurate.  *See* Pl.'s Opp. at 4-5 (page numbers supplied). Nonetheless, plaintiff's failure to identify the records or the allegedly inaccurate information is fatal to his case.  He does not allege, either specifically or by implication, that BOP acted without grounds for believing its action lawful.[7]  Nor does plaintiff allege, either specifically or by implication, that the Warden's decision to renew the telephone restriction flagrantly disregards his rights under the Privacy Act.

Fundamentally, the Privacy Act is not the way to challenge the ultimate agency determination.  In essence, plaintiff challenges the telephone restriction itself, which BOP officials imposed because of a pending investigation and "to ensure the institution's safety, security, or good order, or to protect the public."  Pl.'s Opp., Ex. 4 (Request for Inmate Telephone Restriction). The Privacy Act is not "a vehicle for amending the judgments of federal officials or . . . other[s] . . . as those judgments are reflected in records maintained by federal agencies."  *Kleinman v. Dep't of Energy*, 956 F.3d 335, 337-38 (D.C. Cir. 1992) (quoting *Rogers v. United States Dep't of Labor*, 607 F.Supp. 697, 699 (N.D.Cal. 1985)); *Levant v. Roche*, 384 F.Supp.2d 262, 270-71 (D.D.C. 2005); *cf. Cargill v. Marsh*, 902 F.2d 1006, 1008 (D.C. Cir. 1990) (substantive change in military records and challenge to Army's interpretation of its

---

[7]     Because plaintiff is proceeding *pro se*, the Court construes his pleadings liberally. *See, e.g., Haines v. Kerner*, 404 U.S. 519, 520 (1972).

regulations was through proceeding before Army Board for the Correction of Military Records, not Privacy Act suit).

### III.  CONCLUSION

For the reasons stated above, the Court concludes that plaintiff fails to state a Privacy Act claim against the Federal Bureau of Prisons for damages.  Accordingly, defendant's motion to dismiss will be granted.  An Order consistent with this Memorandum Opinion will be issued separately on this same date.

/s/
ROSEMARY M. COLLYER
United States District Judge

Date: March 21, 2006.